IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RHONDA J. MARTIN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN KEMP, *et al.*, | : | CIVIL ACTION NO. |
| | : | 1:18-CV-4776-LMM |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| GEORGIA MUSLIM VOTER PROJECT, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN KEMP, *et al.*, | : | CIVIL ACTION NO. |
| | : | 1:18-CV-4789-LMM |
| | : | |
| Defendants. | : | |

## **TEMPORARY RESTRAINING ORDER**

Based upon the Court's prior findings, see Martin Dkt. No. [23]; GMVP Dkt. No. [28], the Secretary of State's Office shall issue the following instructions to all county boards of registrars, boards of elections, election superintendents, and absentee clerks:

1) All county elections officials responsible for processing absentee ballots shall not reject any absentee ballots due to an alleged signature mismatch. Instead, for all ballots where a signature mismatch is perceived, the county elections official shall treat this absentee ballot as a provisional ballot, which shall be held separate and apart from the other absentee ballots. See O.C.G.A. § 21-2-419; Ga. Comp. R. & Regs. 183-1-14-.03(2). The county elections official shall then provide pre-rejection notice and an opportunity to resolve the alleged signature discrepancy to the absentee voter. This process shall be done in good faith and is limited to confirming the identity of the absentee voter consistent with existing voter identification laws. See O.C.G.A. §§ 21-2-417, -417.1. The elections official is required to send rejection notice via first-class mail and also electronic means, as available or as otherwise required by law. See O.C.G.A. § 21-2-384(a)(2). This process shall include allowing the absentee voter to send or rely upon a duly authorized attorney or attorney in fact to present proper identification. This process shall be done prior to the certification of the consolidated returns of the election by the election superintendent. See

O.C.G.A. § 21-2-230(g). The absentee voter shall have the right to appeal any absentee ballot rejection following the outcome of the aforementioned process, as designated in O.C.G.A. § 21-2-229(e). Any aforementioned appeals that are not resolved as of 5 p.m. on the day of the certification deadline shall not delay certification and shall not require recertification of the election results unless those votes would change the outcome of the election. See O.C.G.A. § 21-2-493(l).

2) All county elections officials responsible for processing absentee ballot applications shall not reject any absentee ballot application due to an alleged signature mismatch. Instead, for all ballot applications where a signature mismatch is perceived, the county elections official shall, in addition to the procedure specified in O.C.G.A. § 21-2-381(b), provide a provisional absentee ballot to the absentee voter along with information as to the process that will be followed in reviewing the provisional ballot. The outer envelope of the absentee ballot provided shall be marked provisional. Once any provisional ballot is received, the procedure outlined in section 1 above is to be followed.

3) This injunction applies to all absentee ballot applications and absentee ballots rejected solely on the basis of signature mismatches submitted in this current election. This injunction does not apply to voters who have already cast an in-person vote.

**IT IS SO ORDERED** this 25th day of October, 2018.

_____
**Leigh Martin May**
**United States District Judge**