IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RHONDA J. MARTIN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBYN CRITTENDEN, *et al.*, | : | CIVIL ACTION NO. |
| | : | 1:18-CV-4776-LMM |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiff-Intervenors' Motion for Reconsideration [57]. After due consideration, the Court enters the following Order:

On November 13, 2018, this Court granted in part and denied in part Plaintiff-Intervenors' Emergency Motion for Temporary Restraining Order [45-5]. Specifically, this Court found that Plaintiff-Intervenors had established a substantial likelihood of success on the merits on their claim that Gwinnett County violated the Civil Rights Act in rejecting absentee ballots solely on the basis of a missing or incorrect year of birth. However, the Court also held that Plaintiff-Intervenors failed to show a substantial likelihood of success on the merits regarding their claims that rejecting an absentee ballot due to a missing

signature, incorrect address, or other clerical error violates the Civil Rights Act because Plaintiff-Intervenors offered only conclusory statements and no supporting authority for their arguments.

Plaintiff-Intervenors now move for reconsideration, urging the Court to require Defendants to count absentee ballots rejected because of an omitted or incorrect address or lack of signature. Plaintiff-Intervenors request that the Court enjoin certification—which is scheduled in Gwinnett County for 5 p.m. today, November 15, 2018—until Defendants count such ballots.

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259 (quoting Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga.

2

2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

The Court finds that Plaintiff-Intervenors' Motion is an inappropriate motion for reconsideration. With respect to Plaintiff-Intervenors' claim under the Civil Rights Act, Plaintiff-Intervenors simply repackage prior arguments that a voter's address and signature are not required to determine whether he or she is qualified to vote. That argument was fully addressed in the Court's previous order, and Plaintiff-Intervenors again fail to present anything beyond conclusory statements to support their claims that such information is immaterial.

Turning to Plaintiff-Intervenors' arguments under the equal protection clause, Plaintiff-Intervenors argue that their newly discovered evidence showing that Forsyth County does not reject ballots for missing or erroneous addresses and calls and/or emails voters whose signatures are missing to encourage them to cure their ballot is sufficient to warrant reconsideration. The Court disagrees. Even with this newly discovered evidence,[1] the entirety of Plaintiff-Intervenors'

---

[1] While Plaintiff-Intervenors claim that this evidence is "newly discovered," the Court does note that Plaintiff-Intervenors previously suspected—and referenced—the alleged disparities between Forsyth County's and Gwinnett County's respective processes for counting absentee ballots. See Dkt. No. [45-6] at 14.

3

legal argument on their equal protection claim still rests on a single sentence without any detailed analysis of the complicated legal principles the Court must resolve. Plaintiff-Intervenors also cite to a single Eleventh Circuit case not fully on point without any sort of explanation or analysis as to how it applies to the distinct issues before the Court. Such arguments are too conclusory to satisfy the standard for the extraordinary relief Plaintiff-Intervenors are requesting; as such, Plaintiff-Intervenors have not met their high burden in demonstrating a substantial likelihood of success on the merits. Without more, the Court will not again enjoin the certification of Gwinnett County's election results at this late date.

## CONCLUSION

In accordance with the foregoing, the Court **DENIES** Plaintiff-Intervenors' Motion for Reconsideration [57].

**IT IS SO ORDERED** this 15th day of November, 2018.

_____
**Leigh Martin May
United States District Judge**